UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JAMES VAN WINKLE,**

                  **Plaintiff,**     **1:16-cv-325
(GLS/CFH)**

               **v.**

**KINGS MALL COURT LLC,**

                  **Defendant.**
_____

## SUMMARY ORDER

### I. Introduction

Plaintiff James Van Winkle brings this action under Title III of the Americans with Disabilities Act (ADA)[1] and its New York counterparts[2] against defendant Kings Mall Court LLC. (Compl., Dkt. No. 1 at 1.) Van Winkle claims that Kings Mall discriminated against him based on his disability by not having accessible facilities at its property. (*Id*. ¶¶ 2, 5-11.) Specifically, Van Winkle alleges that "[w]hile visiting the property, [he] encountered architectural barriers . . . , which . . . impaired [his] ability to park safely, to exit from his vehicle safely, to access the premises safely, to

---

[1] *See* 42 U.S.C. §§ 12181-12189.

[2] *See* N.Y. Civil Rights Law § 40; N.Y. Executive Law § 296(2)(a).

use restrooms safely, and to access goods and services at the premises." (*Id*. ¶ 6.) As such, Van Winkle seeks injunctive relief under the ADA,[3] statutory and compensatory damages, and attorney's fees. (*Id*. at 8,11.)

Pending is Kings Mall's motion to dismiss Van Winkle's claim for prospective relief based on a lack of standing, failure to state a claim, and failure to join indispensable parties. (Dkt. No. 8.)

## II. Facts

Van Winkle is a disabled-individual residing in Montgomery County, Texas who requires a wheelchair to ambulate. (Compl. ¶¶ 1, 5.) He was born and raised in Kingston, New York and claims both that he "returns to the area to visit with his family," (*id*. ¶ 5), and "travels to New York to visit with his friends and family who reside in New York," (*id*. ¶ 9). While at Kings Mall's property, located at 400 Kings Mall Court, Kingston, New York, he "encountered architectural barriers that endangered his safety" on an unspecified date. (*Id*. ¶¶ 2, 5.) Van Winkle "desires to visit the Kings Mall not only to avail himself of the goods and services available at the

---

[3] Van Winkle also requests declaratory relief. However, such relief is precluded by Title III of the ADA. *See* 42 U.S.C. § 12188(a)(1) (providing that the remedies available to individuals are those set forth in 42 U.S.C. § 2000a-3(a), which allows only injunctive relief.)

2

property, but to assure himself that this property is in compliance with the ADA." (*Id*. ¶ 9.)

### III.  **Standing**

Kings Mall facially attacks Van Winkle's standing by arguing that "[Van Winkle] has presented only conclusory and hypothetical claims as to what might possibly happen in the unlikely event he travels the roughly 1,700 miles from Texas to Kingston, New York, at some unknown and unspecified future date." (Dkt. No. 8, Attach. 4 at 6.)  As such, Kings Mall contends that Van Winkle fails to demonstrate a "real and immediate threat of [future] injury." (*Id*. at 8.)  In Van Winkle's response, he asserts that he need only allege that "[he] intends to return to the site where he encountered [Kings Mall's] barriers to access," to satisfy standing requirements.  (Dkt. No. 9 at 2-3.)  Neither party supports its position with Second Circuit case law addressing the issue of standing in the ADA context despite the fact that the Circuit has established a test for this issue.[4]  *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88

---

[4] Kings Mall asks the court to adopt a balancing test from the District of New Jersey that examines "(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage of the defendant's place of public accommodation; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of travel near the defendant." (Dkt. No. 8, Attach. 4 at 8) (citing *Access 4 All, Inc. v. 539 Absecon Blvd., L.L.C.*, Civ. No. 05–5624, 2006 WL 1804578, at *3 (D.N.J. June 26, 2006).  Van Winkle relies on inapposite unpublished decisions from South Carolina and Florida district courts to support his position.  (Dkt. No. 9 at 2-3.)

3

(2d Cir. 2013).

The "irreducible constitutional minimum of standing" requires that the plaintiff prove (1) injury in fact, which is concrete and particularized, and actual or imminent; (2) a causal connection between said injury and defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 564 (1992).  Additionally, a plaintiff seeking injunctive relief must prove a "real and immediate threat of future injury."  *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983)).  In the ADA context, the Second Circuit has found standing where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [place of public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location."  *Kreisler*, 731 F.3d at 187-88 (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).

Within this framework, it is clear that Van Winkle has not met his burden to establish standing because he fails to allege sufficient facts to

4

demonstrate a real and immediate threat of future injury. For instance, Van Winkle has not identified how long he has lived in Texas or formerly in Kingston, what family or friends he has in New York, where these family members or friends reside in proximity to Kings Mall, how frequently he visits these family members or friends, when and why he next plans to return to the Kingston area, or when, how often, or for what purposes he visited Kings Mall in the past. (*See generally* Compl.; Dkt. No. 8, Attach. 4 at 8-9.) Notably, Kings Mall is located nearly two thousand miles away from Van Winkle's residence. (Compl. ¶ 1; Dkt. No. 8, Attach. 4 at 9.) Given Van Winkle's relative remoteness from Kings Mall, failure to plead the frequency with which he visited Kings Mall, and mere speculation about some day returning to Kings Mall, it is unreasonable to infer that Van Winkle intends to return to the subject location. *Cf. Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (finding that a Florida plaintiff, who was an ADA tester and had family residing nearby the subject property in New York, failed to demonstrate any concrete plan to return to the subject property in the future). Therefore, Van Winkle fails to demonstrate a real and immediate threat of future injury. *See Lujan*, 504 U.S. at 564; *Lyons*, 461 U.S. at 105-06; *Shain*, 356

F.3d at 215.

Van Winkle has been given a full and fair opportunity to respond to the standing issues raised by Kings Mall. However, he does not rebut these arguments nor move to amend his complaint based on the deficiencies identified by Kings Mall. (*See generally* Dkt. No. 9.) Thus, Van Winkle's ADA claims are dismissed.[5]

Because the court dismisses all of Van Winkle's federal claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), it may not exercise supplemental jurisdiction over his related state law claims; therefore, the state law claims are dismissed without prejudice. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (citing 28 U.S.C. §§ 1367(a), 1447(c)).

Accordingly, it is hereby

**ORDERED** that Kings Mall's motion to dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is dismissed; and it is further

---

[5] The court expresses no opinion on the merits of Kings Mall's other arguments for dismissal under Rule 12(b)(6) and Rule 12(b)(7). (Dkt. No. 8, Attach. 4 at 5-6, 10.)

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 1, 2018
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge